```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                         TAMPA DIVISION
```

TAURIGA SCIENCES, INC.,

      Plaintiff,

v.                                        Case No. 8:14-cv-2545-T-33TBM

CLEARTRUST, LLC and TYPENEX
CO-INVESTMENT, LLC,

      Defendants.
_____/

**ORDER**

    This matter comes before the Court *sua sponte*. Defendant Typenex Co-Investment, LLC removed this action on October 8, 2014, on the basis of diversity jurisdiction, pursuant to 28 U.S.C. § 1332. (Doc. # 1). As discussed below, the Court determines that it lacks subject matter jurisdiction over this action and remands this case to state court.

**I.  Background**

    On September 8, 2014, Plaintiff Tauriga Sciences, Inc. filed a complaint in state court against Defendants ClearTrust, LLC and Typenex alleging (1) Fraud, (2) Novation, (3) Rescission, and (4) Promissory Estoppel. (Doc. # 2). In addition, Tauriga filed an Emergency Motion for Preliminary Injunction, which the state court granted on September 9,

2014. (Doc. # 1 at ¶ 2; Doc. # 13 at 3). Subsequently, Typenex filed an Emergency Motion to Vacate or Dissolve Order Granting Emergency Ex-Parte Preliminary Injunction, which was denied by the state court. (Doc. # 13 at 3).

Thereafter, on October 8, 2014, Typenex timely filed a notice of removal with this Court contending removal was proper pursuant to 28 U.S.C. § 1332. (Doc. # 1). In an effort to establish complete diversity, Typenex provided:

> Plaintiff Tauriga is [a] corporation incorporated in the State of Florida and has its principal place of business in Danbury, Connecticut.
>
> Defendant Typenex is, and at all times relevant hereto was, a Utah limited liability company with its principal place of business in Chicago, Illinois. Red Cliffs Investments, Inc. ("Red Cliffs") is Typenex's sole manager and member and is a Utah corporation with its principal place of business in Chicago, Illinois. JFV Holdings, Inc. ("JFV") is Red Cliffs' sole shareholder and is an Illinois corporation with its principal place of business in Chicago, Illinois. John Fife is JFV's sole shareholder and is domiciled in and a citizen of Chicago, Illinois.
>
> Defendant ClearTrust is a citizen of Florida.

(Id. at ¶¶ 9-11). As set forth above, Tauriga and ClearTrust are citizens of Florida, and as a result, complete diversity does not exist. Nevertheless, Typenex asserted that this

Court may exercise subject matter jurisdiction over this case:

> [T]he Complaint and pleadings on file clearly demonstrate[] that ClearTrust is merely a nominal party rather than a real party in interest. ClearTrust's only role in this dispute is as a mere holder of Tauriga's common stock. Indeed, the Complaint seeks no other relief against ClearTrust beyond an injunction preventing ClearTrust from delivering Tauriga's shares to Typenex. Accordingly, and for purposes of removal, ClearTrust must be disregarded as a nominal party because "the law is clear that a stakeholder or depository is a nominal party, the citizenship of which is not pertinent to removal or diversity."
>
> * * *
>
> [T]he real purpose for which Tauriga has brought this lawsuit is to extinguish Typenex's rights under the Warrant. Although Tauriga has named ClearTrust as a [D]efendant in this action, ClearTrust has no real role or interest in this lawsuit beyond its "nominal . . . perform[ance of] the ministerial act of conveying [or not conveying] the title." But to the extent ClearTrust does have an interest in this case, that interest is clearly aligned with Tauriga, the party that hired ClearTrust, pays ClearTrust, and has ongoing dealings with ClearTrust.

(Id. at ¶¶ 11, 14)(internal citations omitted).

Noting that complete diversity did not exist, the Court directed Typenex to file a supplemental brief regarding the Court's subject matter jurisdiction. (Doc. # 5). Typenex

3

filed its brief on October 21, 2014. (Doc. # 9). Thereafter, as directed by the Court, Tauriga filed its response in opposition on October 28, 2014. (Doc. # 13).[1]

## II. Discussion

"Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (internal citations omitted). "[B]ecause a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously insure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

In removed cases, 28 U.S.C. § 1447(c) specifies, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be

---

[1] The Court notes that in its response, Tauriga indicates that it intends to file a Motion to Remand arguing, among other things, lack of consent and waiver due to Typenex's actions in state court. (Doc. # 13 at 1). However, as this Court finds that ClearTrust is more than a nominal party to this action, thus warranting remand, the Court declines to address these remaining issues.

4

remanded." Removal statutes are strictly construed against removal. <u>Shamrock Oil & Gas Co. v. Sheets</u>, 313 U.S. 100, 108 (1941). Any doubt as to propriety of removal should be resolved in favor of remand to state court. <u>Butler v. Polk</u>, 592 F.2d 1293, 1296 (5th Cir. 1979).

Federal courts have diversity jurisdiction over civil actions when the amount in controversy exceeds $75,000 and the action is between citizens of different states. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity; every plaintiff must be diverse from every defendant. The removing party bears the burden of demonstrating that removal is proper. <u>Williams v. Best Buy Co., Inc.</u>, 269 F.3d 1316, 1319 (11th Cir. 2001). However, for purposes of a diversity jurisdiction analysis, the citizenship of "nominal" parties need not be considered. <u>Navarro Sav. Ass'n v. Lee</u>, 446 U.S. 458, 460–61 (1980).

In general, nominal or formal parties are neither necessary nor indispensable. <u>Hernandez v. Ferris</u>, 917 F. Supp. 2d 1224, 1227 (M.D. Fla. 2012). "The ultimate test of whether the . . . defendants are . . . indispensable parties . . . is whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable

5

to plaintiff." Smith v. Health Ctr. of Lake City, Inc., 252 F. Supp. 2d 1336, 1338 n.5 (M.D. Fla. 2003) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen and Assistants' Local 349, Int'l Printing Pressmen and Assistants' Union of N.A., 427 F.2d 325, 327 (5th Cir. 1970)); see also Property Choice Grp., Inc., No. 8:12-cv-1042-T-23MAP, 2012 WL 2568138, at *1 (M.D. Fla. July 2, 2012)(noting that "[a] nominal party includes a party with no legal interest in the outcome of the action and a party in whose absence the plaintiff can obtain sufficient relief."). Whether a party is necessary or indispensable "depends on the facts in each case." Diebel v. S.B. Trucking, Co., 262 F. Supp. 2d 1319, 1330 (M.D. Fla. Apr. 9, 2003).

Typenex acknowledges that Tauriga and ClearTrust are citizens of Florida. (Doc. # 1 at ¶¶ 9-11). Therefore, complete diversity does not exist. (Id.). However, Typenex requests that this Court decline to consider the citizenship of ClearTrust for purposes of determining whether this Court has jurisdiction, as Typenex claims that ClearTrust is a "nominal party." (Doc. # 9 at 8)(citing Hernandez, 917 F. Supp. 2d at 1226-27).

Specifically, Typenex argues that ClearTrust's "only connection to this case is as Tauriga's transfer agent tasked

6

with the ministerial duty to transfer (or not transfer) Tauriga shares to Typenex, depending on the outcome of this case." (Id. at 11)(citing Sun River Energy, Inc. v. Mirador Consulting, Inc., No. 3:11-cv-1132-K, 2011 WL 3703229 (N.D. Tex Aug. 19, 2011)). Furthermore, Typenex provides that Tauriga has asserted no wrongdoing by ClearTrust or sought any relief from ClearTrust other than for an injunction preventing the transfer of shares to Typenex. (Id.). Accordingly, Typenex submits that "ClearTrust has no legal interest in the outcome of the dispute, which is only a dispute between Typenex and Tauriga as to whether or not Typenex has a valid right to purchase shares under the [Warrant to Purchase Shares of Common Stock (Warrant)]." (Id.). Therefore, Typenex requests that this Court find that ClearTrust is a nominal party to this action.

Nonetheless, even if this Court determines that ClearTrust is more than a nominal party, Typenex avers that jurisdiction would still be proper as ClearTrust is properly aligned as a plaintiff with Tauriga rather than as a defendant with Typenex. (Id. at 12). According to Typenex:

> Realignment is proper where the court determines there is no "actual" or "substantial" controversy between the plaintiff on one side and a named defendant on the other. See Indianapolis v. Chase

7

Nat'l Bank, 314 U.S. 63, 80 (1941). Thus, "federal courts are required to realign the parties in an action to reflect their interests in the litigation." City of Vestavia Hills v. Gen. Fidelity Ins. Co., 676 F.3d 1310, 1313 (11th Cir. 2012). In considering realignment, "it is the duty of the lower federal courts to look beyond the pleadings and arrange the parties according to their sides in a dispute as determined by the principal purpose of the suit and the primary and controlling matter in dispute." Id. at 1313-14 (internal quotations marks, citations, and brackets omitted). Such realignment is obligatory where the party in question "is a necessary and substantial party to the suit" but belongs "on the opposite side" because the success of an originally opposing party will "inure to [its] benefit." Ayres v. Wiswall, 112 U.S. 187, 191 (1884).

(Id.).

Here, Typenex provides that the principal purpose of this action is to extinguish Typenex's rights under the Warrant. (Id.). As Typenex explains, "ClearTrust has no real dog in this fight; thus, its interest could theoretically lie with either side, as its sole role is to transfer (or not transfer) shares – in which it has no interest – based on the outcome of this litigation." (Id. at 12-13). However, to the extent ClearTrust does have an interest in this case, Typenex argues that the interest is aligned with Tauriga as (1) ClearTrust is employed by Tauriga, (2) ClearTrust was aware

of both the Complaint and Tauriga's efforts to obtain an injunction before Typenex, (3) ClearTrust and Tauriga have a continuing business relationship, and (4) ClearTrust advised and agreed to cooperate with Tauriga in obtaining an ex parte injunction. (Id. at 13). Therefore, Typenex contends that this Court should realign ClearTrust as a plaintiff with Tauriga, allowing the Court to retain diversity jurisdiction. (Id.).

However, according to Tauriga, the Complaint establishes that the demanded relief in this action is against ClearTrust. (Doc. # 13 at 4). Namely, the footnote on page 1 of the Complaint states that "Defendant Typenex is an indispensable party to this action and the injunctive relief is sought against ClearTrust." (Id.; Doc. # 2 at 1). Although the relief sought in the Complaint is injunctive, Tauriga provides that "this is because [it] pled that there is an inadequate remedy at law in seeking its injunctive relief and therefore no claim of damages was sought in the initial filing." (Id. at 4-5). Tauriga submits, however, that ClearTrust's actions could lead to monetary damages, but the current remedy of injunctive relief is "keeping the parties in contrary positions as [Tauriga] considers its monetary damage at law." (Id. at 5). Furthermore, Tauriga contends that without ClearTrust, this

Court (or the state court) could not enter final judgment, addressing all of Tauriga's requested relief. (Id.). Therefore, Tauriga argues that ClearTrust is not a nominal party to this action. (Id.).

Upon review of the parties' briefs and an independent review of the record, the Court determines that ClearTrust is not a nominal party to this action. Unlike the circumstances set forth in Hernandez, Tauriga has pled wrongdoing against ClearTrust. 917 F. Supp. 2d at 1227. In fact, the Complaint makes clear that the relief sought is against ClearTrust, and Typenex is an indispensable party to this action. (Doc. # 2 at 1). Furthermore, the state court has taken action against ClearTrust, by way of issuing a temporary injunction against it, which lends support to Tauriga's contention that ClearTrust is more than a nominal party.

In order to resolve this matter, there will need to be a determination of the rights and liabilities of all parties – Tauriga, Typenex and ClearTrust; specifically, as provided by Tauriga, a determination as it relates to the Irrevocable Letter of Instructions to Transfer Agent. (See Doc. # 13 at 6). Therefore, this Court finds that in the absence of ClearTrust, the Court (or state court) could not "enter a final judgment consistent with equity and good conscience

which would not be in any way unfair or inequitable to plaintiff." See Smith, 252 F. Supp. 2d at 1338 n.5. As this Court determines there exists an "actual" or "substantial" controversy between Tauriga and ClearTrust, the Court declines to address whether ClearTrust should be realigned as a plaintiff in this action, as requested by Typenex.

Therefore, this Court will consider ClearTrust's citizenship in determining whether this Court has jurisdiction. As complete diversity does not exist – Tauriga and ClearTrust are both citizens of Florida – this Court concludes that is lacks subject matter jurisdiction over this action. Thus, this case must be remanded to state court. Furthermore, this Court denies Tauriga's request for costs, expenses, and attorney's fees incurred as a result of Typenex's alleged "improper removal of this action."

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1) This case is dismissed for lack of subject matter jurisdiction.

(2) The Clerk is directed to remand this matter to the Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida. After remand has been effected, the Clerk shall close the case.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>30th</u> day of October, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record